United States District Court
Southern District of Texas
**ENTERED**
November 08, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:17-676-6(S) |
| | § | CIVIL NO. 2:19-72 |
| ELIO HERRERA PRIETO, | § | |
|   Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Elio Herrera Prieto filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and memorandum in support (D.E. 143, 159), to which the United States of America (the "Government") has responded (D.E. 171).[1]

## I. BACKGROUND

Border Patrol agents tracking a group of men through the brush near the Texas–Mexico border found Movant and five others near several makeshift backpacks containing a total of 100.27 kilograms of marijuana. The men told investigating agents that they were being smuggled into the United States by four guides who had instructed them to carry the marijuana as they travelled through the brush; however, the guides escaped apprehension. Movant told agents that he was a Mexican citizen who had paid smugglers to transport him into the United States and that he had helped carry the marijuana through the brush for approximately 10 minutes. Some of the other men told agents that Movant did not help carry the marijuana. Instead, he rode in the cab of the truck while they were being smuggled and always walked in front of the group while they were walking through the brush with the marijuana. One of the men reported that he

---

1. Docket entries refer to the criminal case.

believed Movant was the leader because Movant had a compass for navigating and was going to call someone to pick up the men and the marijuana when they reached their destination.

All six men were charged with conspiracy to possess with intent to distribute more than 100 kilograms of marijuana (Count 1) and possession with intent to distribute more than 100 kilograms of marijuana (Count 2). On January 22, 2018, Movant pled guilty to possession with intent to distribute approximately 100.27 kilograms of marijuana (Count 2), in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). In exchange for his guilty plea, the Government agreed to dismiss Count 1 and recommend that Movant receive maximum credit for acceptance of responsibility and a sentence within the applicable guideline range. As part of his written Plea Agreement, Movant waived his right to appeal his conviction or sentence or to file a motion under 28 U.S.C. § 2255, except to raise a claim of ineffective assistance of counsel.

The Presentence Investigation Report (PSR, D.E. 94) assigned Movant a base offense level of 24 based on drug quantity. Three levels were added under U.S.S.G. § 3B1.1(b) because Movant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive. After a three-level adjustment for acceptance of responsibility, the resulting advisory Guideline range for Level 24, Criminal History Category I, was 51–63 months' imprisonment; however, Movant was subject to a mandatory minimum sentence of 5 years under 21 U.S.C. § 841(b)(1)(B). Counsel did not file any objections to the PSR, which the Court adopted without change.

Movant was sentenced to a mandatory minimum 60 months' imprisonment, to be followed by 4 years' supervised release. Judgment was entered April 24, 2018. Movant did not appeal. He filed the present motion on February 25, 2019. It is timely.

## II. MOVANT'S ALLEGATIONS

Movant's § 2255 motion raises the following claims:

1. Trial counsel was constitutionally ineffective because she failed to raise any defenses, ignored exculpatory evidence, and failed to object to the three-level sentencing enhancement for being an organizer/leader;

2. Movant's drug quantity determination was incorrect and resulted in a base offense level that overstated the seriousness of the offense;

3. Movant should have been granted safety valve;

4. Movant should have received a minor role reduction because he was merely a mule who was taken advantage of and underpaid by his coconspirators; and

5. Movant's sentence was unreasonable because the Court failed to consider all arguments in support of a downward variance or adequately explain its reason for their rejection.

## III. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

## IV. ANALYSIS

### A. Ineffective Assistance of Counsel

#### 1. Legal Standard

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689

3

(1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his or her counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id*. at 689–90. With regard to the prejudice requirement, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim." *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997). "A court need not address both components of the inquiry if the defendant makes an insufficient showing on one." *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994).

### 2. Analysis

Movant claims that trial counsel was constitutionally ineffective at the plea bargaining stage because she failed to raise any "defenses or mitigation" and ignored "important exculpatory and mitigating evidence." D.E. 143, p. 4. Under *Strickland*, a petitioner "who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the [case]."

4

*United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (citing *Alexander v. McCotter*, 775 F.2d 595 (5th Cir. 1985)). *See also United States. v. Bernard*, 762 F.3d 467, 472 (5th Cir. 2014). Here, Movant "has failed to suggest with specificity what exculpatory evidence could have been uncovered by a more thorough investigation by his counsel, and has failed to show that counsel's [purported] failure to follow up on his leads was unreasonable." *Green*, 882 F.2d at 1002.

Movant further complains that counsel failed to object to the three-level sentencing enhancement for being an organizer/leader. According to Movant, counsel should have used his coconspirators' statements to agents that everyone helped carry the marijuana and that there were four guides who escaped apprehension. As an initial matter, Movant was not found to be an organizer/leader, but was instead deemed a manager/supervisor. Moreover, as reflected in the PSR, Codefendant Ceballos-Garza told investigating agents that Movant rode in the cab of the truck while they were being smuggled and that he always walked in front of the group while they were walking through the brush with the marijuana. PSR ¶ 8. Codefendants Duarte-Perez and Lopez-Maldonado stated that they saw all of the codefendants except Movant carrying the backpacks through the brush. *Id.* at ¶ 9. Lopez-Maldonado further stated that he believed Movant was the leader because Movant was responsible for navigating in the brush and for calling someone to pick up the men and the marijuana when they reached their destination. *Id.* at ¶ 11. Movant has not identified any evidence that counsel reasonably should have found that would have undercut his codefendant's statements or otherwise negated the Court's conclusion that Movant occupied a managerial or supervisory position in the smuggling hierarchy above the men whose job it was solely to carry the marijuana.

Movant has failed to show that counsel's performance was deficient. This claim is denied.

### B. Misapplication of the Sentencing Guidelines

Movant's remaining claims all allege that the Court misapplied the Sentencing Guidelines. "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *Id.* (citing *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255.")). Moreover, because Movant failed to raise these claims on appeal, he is procedurally barred from raising them now. *See United States v. Frady*, 456 U.S. 152, 165 (1982) (A collateral challenge "may not do service for an appeal."); *United States v. Lopez*, 248 F.3d 427, 433 (5th Cir. 2001) (Defendant "procedurally defaulted his claim by failing to raise it on direct review."). Accordingly, these claims are denied.

### V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate

6

that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As for claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329. Accordingly, Movant is not entitled to a COA as to his claims.

## VI. CONCLUSION

For the foregoing reasons, Movant's § 2255 motion (D.E. 143) is **DENIED**, and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 5th day of November, 2019.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE